**VIBROPLEX CO., Inc., v. J. H. BUNNELL & CO., Inc.**

Circuit Court of Appeals, Second Circuit.
January 9, 1928.

No. 119.

Trade-marks, trade-names and unfair competition ⬤⟹3(1)—Word "Bug," as applied to telegraph instruments, held descriptive term not susceptible of exclusive appropriation (Trade-Mark Act, §§ 5, 19, 20, 27 [15 USCA §§ 85, 99, 100, 106]).

Word "Bug," as applied to telegraph instruments, held descriptive term to those using vibrators, and not susceptible of exclusive appropriation under Trade-Mark Act, § 5 (15 USCA § 85), regardless of whether such term was descriptive among jobbers or retailers, since conditional relief is not provided for under sections 19, 20, 27 (15 USCA §§ 99, 100, and 106).

Appeal from the District Court of the United States for the Southern District of New York.

Action by the Vibroplex Company, Inc., against J. H. Bunnell & Co., Inc. Decree for defendant (13 F.[2d] 528), and plaintiff appeals. Affirmed.

Appeal from a decree of the District Court for the Southern District of New York dismissing a bill in equity for the infringement of the plaintiff's registered trade-mark, "Bug."

The mark was registered on December 21, 1920, for telegraphic sending machines of the kind known as vibrators. These had been invented by one Martin, and were covered by many patents, of which two expired in 1920 and 1924. The plaintiff became the owner of the patents, and used both the trade-mark and the name "Vibroplex" in selling the patented vibrators. The defendant uses the mark "Gold Bug" upon vibrators of the kind covered by the expired patents, which do not infringe any existing patents. So far as appears, this name is always accompanied by the defendant's name or that of one Ghegan.

The mark was in common use among operators before application for registration, and denoted both the plaintiff's vibrators and such infringements (of which there were several) as were made and sold until suppressed under the patents.

The plaintiff insisted that the name did not describe the vibrators among those with whom it directly dealt, and that in any case, as it had used both "Bug" and "Vibroplex" during the life of the patents, the first could not have been descriptive.

Murray Corrington, of New York City, for appellant.

Philip Farnsworth, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Section 5 of the Trade-Mark Act (15 USCA § 85) forbids the registration of a mark which consists "merely in words or devices which are descriptive of the goods with which they are used." The mark at bar has become so descriptive to all those who use vibrators; as to them, therefore, it is not a good mark. The fact that it was used during the existence of the patents gives added force to that conclusion. The plaintiff answers that it has not been shown that it is descriptive among jobbers or retailers who buy of manufacturers. The question, there-

fore, is whether a mark may be good, though descriptive to a large class of those who have to do with it, if there is another class to whom it nevertheless denotes origin. We have been unable to discover any case on the subject in this country, but In re Gramophone Company, L. R. [1910] 2 Ch. 423, is against the plaintiff's position.

It may well be that the plaintiff, in a suit for unfair trade, might succeed in preventing the defendant from using the mark in sales to jobbers or retailers, though there the question would arise whether it was not already sufficiently distinguished by the addition of the names "Bunnell" and "Ghegan" and of the prefix, "Gold." Such buyers are not apt to be easily confused. But with this we have nothing to do: First, because the suit is not so framed; second, because we should not have any jurisdiction. If the plaintiff is to succeed, we must say that as a registered mark it is good, though it is not a mark of origin to large numbers of those familiar with it. We think that the statute meant to exclude such cases, and to limit its protection to those marks which do not describe the article at all. So far as we can learn, the conditional relief which alone would here be permissible has never been given under the statute; certainly there is no express provision for it in section 19 (15 USCA § 99). On the other hand, some of the remedies given would scarcely be applicable, where the mark was susceptible of lawful use; e. g., destruction, section 20 (15 USCA § 100) and exclusion from import, section 27 (15 USCA § 106).

So far as the fact is material at all that the vibrators had two names, "Vibroplex" and "Bug," it seems to us to make in the defendant's favor. If anything, a mark is less likely to signify origin, when it is accompanied by others, than if it stands alone.

Decree affirmed.